IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFREY OLEN COCHRAN, # 275739,       )
                                      )
            Petitioner,               )
                                      )
    v.                                )        Civil Action No. 1:12cv1054-WHA
                                      )                    (WO)
KIM TOBIAS THOMAS, *et al.*,          )
                                      )
            Respondents.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by state inmate Jeffrey Olen Cochran ("Cochran") on December 1, 2012.

## I.  BACKGROUND

On October 8, 2010, a Houston County, Alabama, jury found Cochran guilty of

possession of obscene material containing a visual depiction of a person under 17 years of

age engaged in an obscene act, a violation of § 13A-12-192(b), Ala. Code 1975; second-

degree sodomy, a violation of § 13A-6-64, Ala. Code 1975; and first-degree unlawful

possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975.  On December 15,

2010, the trial court sentenced Cochran to 60 months in prison for each conviction, all

sentences to run consecutively.

Cochran appealed, asserting multiple claims of trial error.  *See* Exh. 2.[1]  The sole

---

[1] In this and other sections of this Recommendation, all references to exhibits ("Exh.") are to
those included with the respondents' Answer, Doc. No. 5.  References to document numbers ("Doc.
No.") are to those assigned by the Clerk in this civil action.  Page references are to those assigned

claim relevant to this action is Cochran's claim that § 13A-12-192(b), Ala. Code 1975, is unconstitutional as applied to him, and thus the trial court erred in denying his motion to dismiss the possession-of-obscene-material charge. Exh. 2 at 27-33. On June 29, 2012, the Alabama Court of Criminal Appeals rejected this and Cochran's other claims in an opinion affirming his convictions and sentence. *Cochran v. State*, 111 So.3d 148 (Ala. Crim. App. 2012). Cochran applied for rehearing, which was overruled on August 10, 2012. Exh. 4. He filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on November 9, 2012, issuing a certificate of judgment the same day. Exh. 5.

In his § 2254 petition for federal habeas relief, Cochran reasserts his claim that § 13A-12-192(b), Ala. Code 1975, is unconstitutional as applied to him. Doc. No. 1. He maintains that the statute, as applied in his case, deprives him of his due process rights under the Fourteenth Amendment to the United States Constitution. *Id*. The respondents answer that the state court's adjudication of this claim was correct and that Cochran is therefore not entitled to habeas relief. Doc. No. 5.

After careful review of the record, the undersigned finds Cochran's § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Standard of Review

---

by CM/ECF.

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a properly presented § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

"This is a 'difficult to meet," *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### B. Cochran's Due Process Claim Regarding § 13A-12-192(b)

Cochran contends that § 13A-12-192(b), Ala. Code 1975, as applied to him, deprives him of his due process rights under the Fourteenth Amendment. Doc. No. 1 & 13. That statute provides:

> Any person who knowingly possesses any obscene matter that contains a visual depiction of a person under the age of 17 years engaged in any act of sado-masochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony.

§ 13A-12-192(b), Ala. Code 1975.

Cochran's challenge to § 13A-12-192(b) was presented to the trial court, which rejected it, and was pursued on direct appeal after the trial court rejected it. The Alabama Court of Criminal Appeals affirmed the trial court's ruling, addressing Cochran's claim as follows:

> Cochran alleges that § 13A–12–192(b), Ala. Code 1975, is unconstitutional as applied to him in the present case and, thus, that the trial court erred in denying his motion to dismiss the possession-of-obscene-matter charge, which was based on the photograph that depicted him and C.K. engaged in a sexual act. Specifically, Cochran argues that the photograph depicted noncriminal consensual sexual conduct because C.K. was 16 years old at the time the photograph was taken and 16 years is the age when a person is capable of consent under Alabama law;[*] thus, he contends that possession of the photograph is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Cochran bases his argument on *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), which held that a Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct violated the persons' liberty interests protected by the Due Process Clause of the Fourteenth Amendment.

> > [* Section 13A–6–70, Ala.Code 1975, provides, in relevant part:
> > "(a) Whether or not specifically stated, it is an element of every offense defined in this article, with the exception of subdivision (a)(3) of Section 13A-6-65, that the sexual act was committed without consent of the victim.
> > "....
> > "(c) A person is deemed incapable of consent if he is:
> > "(1) Less than 16 years old; or
> > "(2) Mentally defective; or
> > "(3) Mentally incapacitated; or
> > "(4) Physically helpless." ]

....

The United States Court of Appeals for the Eighth Circuit has addressed an argument very similar to Cochran's argument and has found it to be without merit. In *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005), the United States Court of Appeals for the Eighth Circuit held:

"Digital photos which [the defendant] took at his apartment of sixteen year old RH are connected to counts 1, 4, and 7. These counts charged [the defendant] with possessing visual depictions which had been produced by using a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4) (count 1), transmitting such a visual depiction in violation of 18 U.S.C. § 2252(a)(1) (count 4), and using a minor to produce visual depictions of the minor engaged in sexually explicit conduct in violation of § 2251(a) (count 7). Some of these visual depictions show RH masturbating and [the defendant] performing oral sex on him.

"[The defendant] argues that these photos portray noncriminal consensual sexual conduct because RH was sixteen and the age of consent under Minnesota and federal law is sixteen. Minn. Stat. § 609.342 *et seq*.; 18 U.S.C. § 2243. He contends that the images are protected by the liberty and privacy components of the due process clause of the Fifth Amendment under *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003). The government responds that the relevant definition of a minor for these offenses is found in 18 U.S.C. § 2256, which defines a minor as any person under the age of eighteen years. It asserts that Congress had a rational basis for criminalizing pornography involving this age group and that [the defendant's] activities were not protected under the First or Fifth Amendments, pointing out that *Lawrence* did not involve a minor or the production and distribution of child pornography.

"[The defendant's] constitutional arguments relating to his prosecution for possession of pictures of minors engaging in sexually explicit conduct are founded on Lawrence. In that case the Supreme Court recognized a protected liberty interest, under

6

the due process clause of the Fourteenth Amendment, for private and consensual sexual conduct between same sex adults. As the Court specifically pointed out, *Lawrence* did not involve minors or others 'who might be injured or coerced,' 539 U.S. at 578, 123 S.Ct. 2472, and the conduct protected there was very different from that involved in [the defendant's] prosecution. Here, a forty one year old defendant took pictures of a sixteen year old boy masturbating and engaging in oral sex, kept the pictures, and then transmitted one of them over the internet. RH testified that he had at first refused many requests by [the defendant] to pose nude and finally posed without pants after [the defendant] offered him money to do it.

"The liberty interest the Court recognized in *Lawrence* was for adults engaging in consensual sexual relations in private, but in this case [the defendant] engaged in sex with a minor and pressured him to pose nude for photographs, one of which was sent over the internet. We find no support in *Lawrence* to prevent [the defendant's] prosecution under §§ 2251 and 2252. [The defendant's] privacy argument also fails, for his activities related to child pornography are not protected by a constitutional right of privacy. *See United States v. Vincent*, 167 F.3d 428, 431 (8th Cir. 1999). As we pointed out in *Vincent*, '[t]he Constitution offers less protection when sexually explicit material depicts minors rather than adults.' *Id.* [The defendant] has not shown that the conduct charged in counts 1, 4, and 7 was constitutionally protected.

"The First Amendment does not prevent prosecution for child pornography, *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), and Congress may regulate pornography involving all minors under the age of eighteen if it has a rational basis for doing so. *See United States v. Freeman*, 808 F.2d 1290, 1293 (8th Cir. 1987). Congress changed the definition of minor in the child pornography laws in 1984 to apply to anyone under eighteen. It found that the previous ceiling of sixteen had hampered enforcement of child pornography laws. With that ceiling there was sometimes confusion about whether a subject was a minor since children

enter puberty at differing ages.  H.R.Rep. No. 98-536, at 7-8 (1983), reprinted in 1994 U.S.C.C.A.N. 492, 498-99; *Freeman*, 808 F.2d at 1293.  We conclude that the congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws, *id*., and that [the defendant's] convictions for possessing, transmitting, and manufacturing any visual depiction produced using a minor engaged in sexually explicit conduct should be affirmed."

*Bach*, 400 F.3d at 628-29.

As Cochran acknowledges in his brief, previous constitutional challenges to Alabama's possession-of-child-pornography statute have failed. In *Felton v. State*, 526 So.2d 635 (Ala. Crim. App. 1986), the defendant argued that the First, Fourth, and Fourteenth Amendments to the United States Constitution prohibit making the possession of child pornography in one's own home a crime and, thus, that § 13A-12-192(b), Ala. Code 1975, under which he was convicted, is unconstitutional.  The defendant's argument relied on *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), which held that "the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime."  394 U.S. at 568, 89 S.Ct. 1243.  This Court held that the possession of child pornography is not protected by Stanley and that the possession of such materials may be criminalized.  Specifically, this Court held:

"The State's interest in protecting its children from cruel physical, emotional, and physiological abuse occasioned by forcing a child to be the subject of child pornography far outweighs the appellant's interest in possessing such materials. Consequently, we find that the appellant's First, Fourth, and Fourteenth Amendment rights were not violated, as contended, and that Section 13A-12-192(b), Code of Alabama 1975, is constitutional."

*Felton*, 526 So.2d at 637.

As noted in *Bach*, *Lawrence* explicitly applied only to fully consenting adults who engaged in private sexual conduct.  Lawrence did not apply to

"minors" or "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Lawrence*, 539 U.S. at 578. In the present case, 16-year-old C.K. was a minor. *See* § 26-1-1, Ala. Code 1975 (providing that the age of majority in Alabama is 19 years). We further note that, although it is possible for a 16-year-old to consent to sexual conduct in Alabama, a sexual relationship between a 16-year-old female and a 40-year-old male that began when the female was 13 years old presents a situation where consent might not easily be refused. We conclude, as did the Eighth Circuit Court of Appeals in *Bach*, that *Lawrence* is inapplicable to the present situation and that the legislative choice to proscribe the possession of a visual depiction of a person under the age of 17 years engaged in sexual conduct is rationally related to the State's legitimate interest in protecting children and enforcing child-pornography laws. Therefore, Cochran's constitutional challenge to § 13A-12-192(b) fails; thus, we hold that the trial court did not err in denying Cochran's motion to dismiss the possession-of-obscene-matter charge.

*Cochran v. State*, 111 So.3d at 156-58.

When a statute does not implicate a fundamental right, the test for determining whether the statute complies with substantive due process is the rational basis test, i.e., whether the legislature could reasonably believe that the challenged measure is rationally related to a legitimate end. *See, e.g., Schwarz v. Kogan*, 132 F.3d 1387, 1390 (11th Cir. 1998). Agreeing with the reasoning of the Eighth Circuit in *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005), the Alabama Court of Criminal Appeals found that the fundamental "sexual concerns" right recognized by the United States Supreme Court in *Lawrence v. Texas*, 539 U.S. 558 (2003), was inapplicable to § 13A-12-192(b) and Cochran's situation, because the sexual concerns right recognized in *Lawrence* was for adults engaging in consensual sexual relations in private, while Cochran possessed a photographic image of a

9

minor engaged in sexual conduct. *Cochran v. State*, 111 So.3d at 156-58. Thus, the Alabama Court of Criminal Appeals determined that the rational basis test should be applied to Cochran's claim that applying § 13A-12-192(b) to him violated his due process rights. *Id*. at 158. The Alabama Court of Criminal Appeals then found that the legislative choice to proscribe the possession of a visual depiction of a person under the age of 17 years engaged in sexual conduct is rationally related to the State's legitimate interest in enforcing child pornography laws, the purpose of which is to prevent the sexual abuse and exploitation of children. *Id*.

Cochran fails to demonstrate that the decision of the Alabama state court was contrary to, or an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1), or that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2). Cochran does not have a right to possess child pornography depicting persons classified as minors by statute. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 250 (2002). The prohibition against possessing visual images of minors engaged in sexual activity bears a rational relationship to protecting them from sexual abuse and exploitation. *See New York v. Ferber*, 458 U.S. 747, 764 (1982). Proscribing the possession of such visual images of persons up to the age of 18, even though the age of "consent" for sexual activity may be 16, is a reasonable means of accomplishing this legitimate governmental purpose because it aids the State in enforcing child pornography laws. *See Bach*, 400 F.3d at 629. Morever, there are reasonable

arguments to support having a higher age threshold for appearance in pornography than for consent to sexual activity, as memorialization of sexual activity in a visual depiction is readily subject to distribution to third parties. *See People v. Hollins*, 971 N.E.2d 504, 511 (Ill. 2012).

Cochran has not shown that § 13A-12-192(b), Ala. Code 1975, as applied to him, deprives him of his due process rights under the Fourteenth Amendment. Therefore, he is not entitled to federal habeas relief based on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Cochran be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **March 12, 2015,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2015.


   /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE