IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY OLEN COCHRAN, #275739, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 1:12-cv-1054-WHA |
| ) | |
| KIM TOBIAS THOMAS, et al., ) | (WO) |
| ) | |
| Respondents. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #21) and the Petitioner's Objections thereto (Doc. #22). Following an independent evaluation and *de novo* review of the file in this case, the court finds as follows:

Cochran was convicted of, among other things, possession of obscene material containing a visual depiction of a person under 17 years of age engaged in an obscene act, a violation of §13A-12-192(b), Ala. Code 1975. In state court, he claimed that § 13A-12-192(b) is unconstitutional as applied to him. He argued that the photograph forming the basis of his conviction depicted noncriminal consensual sexual conduct because C.K. (the minor in the photograph) was 16 years old at the time the photograph was taken and 16 years is the age when a person is capable of sexual consent under Alabama law

Cochran specifically argued that his possession of the photograph was protected by the Due Process Clause. He based his argument on *Lawrence v. Texas*, 539 U.S. 558 (2003), which held that a Texas statute making it a crime for two persons of the same sex to engage in certain

intimate sexual conduct violated the persons' liberty interests protected by the Due Process Clause of the Fourteenth Amendment.

The Alabama Court of Criminal Appeals rejected Cochran's claim, relying in part on the reasoning of the Eighth Circuit Court of Appeals in *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005), where an argument very similar to Cochran's about a similar Minnesota statute was rejected by the court. The Alabama Court of Criminal Appeals and the *Bach* court noted that the liberty interest recognized in *Lawrence* was for adults engaging in consensual sexual relations in private, but in this case the defendant engaged in sex with a minor and had the minor pose nude for a photograph. The courts found no support in *Lawrence* to prevent the defendant's prosecution. The Alabama Court of Criminal Appeals concluded, as did the Eighth Circuit in *Bach*, that *Lawrence* is inapplicable to defendants in Cochran's situation and that the legislative choice to proscribe the possession of a visual depiction of a person under the age of 17 years engaged in sexual conduct is rationally related to the State's legitimate interest in protecting children and enforcing child-pornography laws.

The court agrees with the finding of the Magistrate Judge that Cochran fails to demonstrate that the decision of the Alabama state court was contrary to, or an unreasonable application of, clearly established federal law or that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

Therefore, the court finds Petitioner's objections to be without merit, and they are hereby OVERRULED. The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief under 28 U.SC. § 2254 is DENIED, and this case is DISMISSED with prejudice.

DONE this 17th day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE